MICHAEL F. HEALY (Bar No. 95098)
mfhealy@shb.com
EMILY M. WEISSENBERGER (Bar No. 248898)
eweissenberger@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Telephone:  415.544.1900
Facsimile:   415.391.0281

MICHAEL C. ZELLERS (SBN 146904)
michael.zellers@tuckerellis.com
AMANDA VILLALOBOS (SBN 262176)
amanda.villalobos@tuckerellis.com
TUCKER ELLIS LLP
515 South Flower Street, 42nd Floor
Los Angeles, California 90071-2223
Telephone:  213.430.3400
Facsimile:   213.430.3409

Attorneys for Defendants
JOHNSON & JOHNSON and
JOHNSON & JOHNSON CONSUMER INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WAYNE HELLNER, an Individual and Personal Representative of Decedent NOGA HELLNER; BRYAN COHEN, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, a New Jersey corporation doing business in California; JOHNSON & JOHNSON CONSUMER INC. F/K/A JOHNSON & JOHNSON CONSUMER COMPANIES, INC. a New Jersey corporation doing business in California; IMERYS TALC AMERICA, INC. f/k/a LUZENAC AMERICA, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  2:21-cv-5827<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(A)(1) AND 1441; JURY DEMAND**<br><br>Action Filed:  May 15, 2020 |

-1-  Case No.
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(A)(1) AND 1441
4819-4562-5328 v1

# NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that Defendants JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER INC. ("J&J") hereby remove to this Court the state action entitled *Wayne Hellner, an Individual and Personal Representative of Decedent Noga Hellner; Bryan Cohen, an Individual v. Johnson & Johnson; Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies, Inc.; Imerys Talc America, Inc. f/k/a Luzenac America, Inc.; and DOES 1 through 100, inclusive*, Case No. 20STCV18661, from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (Diversity of Citizenship).

## I.    STATE COURT ACTION

1. On May 15, 2020, Plaintiffs Wayne Hellner and Bryan Cohen ("Plaintiffs") filed a Complaint against Johnson & Johnson and Johnson & Johnson Consumer Inc. (hereinafter "J&J"), in the Los Angeles County Superior Court of California ("State Action"). (See Declaration of Emily Weissenberger, **Exhibit A**).

2. The State Court Action is a civil action alleging (1) Negligence, (2) Negligence *Per Se*, (3) Negligent Failure to Warn, (4) Strict Liability – Design Defect, (5) Strict Liability – Failure to Warn, (6) Breach of Warranty, (7) Fraud – Intentional Misrepresentation, (8) Fraud – Concealment, (9) Negligent Misrepresentation, (10) Loss of Consortium, (11) Wrongful Death, and (12) Survival Action.

3. Plaintiffs seek past and future general damages; past and future economic and special damages; loss of earnings and impaired earning capacity; medical expenses, past and future; punitive or exemplary damages; loss of consortium damages; funeral expenses; attorney's fees; costs of the suit incurred; pre-judgment interest as provided by law; and any other relief the Court deems necessary, just and proper. (Weissenberger Decl., **Exhibit A**, "Relief Requested.") The Summons and Complaint

were served on Defendant Johnson and Johnson and Johnson & Johnson Consumer Inc. by email on June 22, 2021.

4. As set forth more fully below, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject-matter jurisdiction over the State Court Action under 28 U.S.C. § 1332, and the Removing Defendants have satisfied the procedural requirements for removal.

## II.   THE REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. The filing of this Notice of Removal is timely. Title 28 U.S.C. § 1446(b) provides that notice of removal of a civil action shall be filed within 30 days of receipt of a complaint or summons by the defendant. *See Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112, 1115 (N.D. Cal. 2006). The removing Defendants file this Notice of Removal within 30 days of the June 22, 2021 service on Johnson & Johnson and Johnson & Johnson Consumer Inc.

7. The United States District Court for the Central District of California is the proper venue for removal under 28 U.S.C. §1446(a) because this Court is "the district and division embracing the place where such action is pending," namely Los Angeles County, California.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Los Angeles County Superior Court, and the Removing Defendants will serve a copy of this Notice of Removal on all parties to the State Court Action. A copy of the unsigned Notice of Removal of Action under 28 U.S.C. § 1441(b) (without the Exhibit A attachment thereto) that will be filed with the Los Angeles County Superior Court pursuant to 28 U.S.C. § 1446(d) is attached to the Decl. EMW as **Exhibit B**.

9. By this Notice of Removal, the Removing Defendants do not waive any defenses, including without limitation any defenses pursuant to the Federal Rule of Civil Procedure 12.

10. The Removing Defendants have not previously sought similar relief in this case.

### A. There is Jurisdiction Based on Diversity of Citizenship

12. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, and the action removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Removal under 28 U.S.C. §§ 1441 (b) is appropriate in this matter since complete diversity of citizenship exists between Plaintiffs and the "properly joined and served" defendants, which are not citizens of California, the state in which the State Court Action was brought. Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) )(emphasis added), See also *DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) [The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal.]

13. Complete diversity of citizenship exists. The citizenship of the parties is as follows:

(a) **Plaintiffs:** Plaintiffs' Complaint alleges that Plaintiffs are citizens of the United States and plaintiffs' decedent was a citizen and resident of the state of California. (Weissenberger Decl., **Exhibit A**, ¶¶ 2, 3 & 6.)

(b) **Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.:** Johnson & Johnson and Johnson & Johnson Consumer Inc. are corporations incorporated under the laws of the State of New Jersey and having their principle place of business in the State of New Jersey.

(c) **Imerys Talc America, Inc.:** On February 13, 2019, co-defendant Imerys commenced a bankruptcy action in the United States Bankruptcy Court for the District of Delaware, and this case has been automatically stayed as against Imerys. (*See* Weissenberger Decl 5, **Exhibit C**, Imerys' Notice of Suggestion of Pendency of

Bankruptcy and Automatic Stay of Proceedings.)  The citizenship of Imerys should be disregarded for diversity purposes as the company is and was, at the time Plaintiff commenced the State Court Action, subject to an automatic stay under its voluntary chapter 11 petition, *In re: Imerys Talc America, Inc., et al.,* Case No. 19-10289-LSS, in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Case").  (*See S. Dallas Water Auth. v. Guarantee Co. of N. Am., USA*, 767 F. Supp. 2d 1284, 1295-98 (S.D. Ala. 2011); *see also Poche*, 2015 WL 7015575, at *4 ("[R]emoval is proper if bankruptcy court stays all actions against the nondiverse party *before* the plaintiff files suit."); *accord Myers v. All. For Affordable Servs.*, 318 F. Supp. 2d 1055, 1057 (D. Colo. 2004).

Imerys' presence in this case does not defeat diversity jurisdiction because Plaintiff's naming of Imerys Talc America, Inc., amounts to a fraudulent joinder as it violates the bankruptcy stay currently in place thereby destroying diversity.  *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).  In *JEVIC*, the Third Circuit found it "plainly improper" for plaintiffs to sue a bankrupt defendant ("JEVIC").  *Id.* at 327.  The court held that "[t]o the extent JEVIC's status as a debtor not subject to removal deprived . . . the other Defendants of a federal forum to which they were otherwise entitled, the joinder of JEVIC was therefore fraudulent."  *Id.*

Further, Plaintiff incorrectly alleges that Imerys has its principle place of business in the State of California.  Based upon recent public filings by Imerys it is Removing Defendants' understanding that Imerys' principle place of business has been Roswell, Georgia since at least March 29, 2019.  (See Imerys' Notice of Change of Corporate Address, Weissenberger Decl 5, **Exhibit D**.)  Thus, even if Imerys' citizenship could be considered (and it cannot be, based on the bankruptcy stay), Imerys presence in this matter does not defeat diversity.

Imerys' consent is not required as it was not properly joined as a defendant in this matter.  Procedurally, "[a]ll defendants who have been 'properly . . . served in the action' must join a petition for removal."  *Destfino v. Reiswig*, 630 F.3d 952, 956

(9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988)). "If this is not true when the notice is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants proper to the entry of judgment." *Id.* at 956-57; *see also Williams v. Bank of America, N.A.*, No. 15-cv-00792-LHK, 2015 WL 2090229, at *2 (N.D. Cal. May 5, 2015). Ultimately, however, if a defendant is defectively served, its joinder in the removal petition is not required. *Destfino*, 630 F.3d at 957 ("Because service on the Kim defendants was defective, their joinder in the petition wasn't required."). Proper service is determined by state law. *See Fruciano v. Regents of Univ. of California*, No. 18-cv-04452-JSC, 2018 WL 4219232, at *2 (N.D. Cal. Sept. 5, 2018); *see also City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. 06-cv-7453-EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007) (stating only parties properly joined and served must consent to removal). As Imerys has commenced a bankruptcy proceeding, this case should be stayed against Imerys. *See* Exhibit 4, Imerys' Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings. Accordingly, Imerys' consent to this Notice of Removal is not required. *See, e.g.*, *Brown v. Jevic*, 575 F.3d 322, 327 (3rd Cir. 2009); *Voga v. U.S. Bank*, No. 3:11-cv-316-RCJ-VPC, 2011 WL 5180978, at *3-4 (D. Nev. Oct. 27, 2011); *PNC Equip. Fin., LLC v. USA Wheel Tech., Inc.*, No. 1:11-cv-199, 2012 WL 441172, at *2 (S.D. Ohio Feb. 10, 2012); *Caranchini v. Bank of America, N.A., et al.*, No. 4:10-CV-672-DGK, 2010 WL 3782171, at *3 (W.D. Mo. Sept. 22, 2010).

**(d)         Does 1 through 100:**   Upon information and belief, no Doe defendants have been substituted with any named defendants in the State Court action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Therefore, the citizenship of Does 1 to 100 should be disregarded for purposes of diversity.

**B.      Amount in Controversy Requirement Is Satisfied**

18.     Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court

finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.[1]

19.  Under section 1446(a), a defendant seeking to remove an action must include in its notice of removal "a short and plain statement of the grounds for removal."  The United States Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)) (internal quotation marks omitted).  The Court then held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation.  *Id.* at 83–84.  In so holding, the Court quoted *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'"  *Dart*, 574 U.S. at 86 (quoting *Ellenburg*, 519

---

[1] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112–63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied.  The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it."  H.R. Rep. No. 112–10, at 15 (2011).  Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–90 (2014) (explaining the Act); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

F.3d at 200).[2]

20. The general federal rule is that the complaint itself determines the amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992). Where, as here, a plaintiff has not alleged a specific amount of damages, a removing defendant must show by a preponderance of the evidence that the amount-in-controversy requirement is met. *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing defendant may make this showing by demonstrating that it is "facially apparent" from the allegations in the complaint that the jurisdictional threshold likely is exceeded. *See, e.g.*, *Brand Servs., LLC v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018); *Allen v. R. & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

21. Plaintiffs bring this action individually based on plaintiffs' decedent's use of Removing Defendants' talcum powder and diagnosis of ovarian cancer. Plaintiffs assert claims against Defendants under multiple legal theories, including but not limited to Negligence, (2) Negligence *Per Se*, (3) Negligent Failure to Warn, (4) Strict Liability – Design Defect, (5) Strict Liability – Failure to Warn, (6) Breach of Warranty, (7) Fraud – Intentional Misrepresentation, (8) Fraud – Concealment, (9) Negligent Misrepresentation, (10) Loss of Consortium, (11) Wrongful Death, and (12) Survival Action (See, **Exhibit A**, ¶¶ 183-286).

---

[2] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart*, 574 U.S. at 89 ("Evidence establishing the amount *is required* . . . when . . . the court questions[] the defendant's allegation.") (emphasis added). In other words, a court may not sua sponte remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g.*, *Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

22. Plaintiffs allege that as a result of plaintiffs' decedent's use of talcum powder they incurred special damages in the form of past and future general damages; past and future economic and special damages; loss of earnings and impaired earning capacity; medical expenses, past and future; punitive or exemplary damages; loss of consortium damages; funeral expenses; attorney's fees; costs of the suit incurred; pre-judgment interest as provided by law; and any other relief the Court deems necessary, just and proper.  (**Exhibit A**, page 66, "Relief Requested".)

23. It is widely recognized that personal injury claims facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *In re Rezulin*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2010) (finding allegations of permanent injuries, physical, mental, and emotional pain and suffering, loss of income and earning capacity, and punitive damages based on injuries from prescription medication met the jurisdictional threshold). *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding it was facially apparent that amount in controversy exceeded jurisdictional threshold where plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement based on injuries sustained to her right wrist, left knee and patella, and upper and lower back); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (same, where plaintiff alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization"); *Murphy v. Boston Scientific Corp.*, 2018 WL 4868977, at *1–3 (M.D. La. July 6, 2018) (same, where plaintiff alleged damages for physical and mental pain and suffering, medical expenses, and lost wages following implantation of defective penile prosthesis); *Palmer v. Palmer*, 2013 WL 5701515, at *4 (M.D. La. Oct. 17, 2013) (same, where plaintiff alleged physical and mental pain and suffering, loss of enjoyment of life, and medical expenses associated with physical injuries sustained in automobile accident); *see also In re Rezulin Prods. Liab. Litig.*,

133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

24. Punitive damages, recoverable under law, may be included in computing the amount in controversy. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001). Compensatory and punitive damage awards in other product-liability cases in California routinely exceed the jurisdictional minimum. *See, e.g.*, *Steward v. Union Carbide Corp.*, 190 Cal. App. 4th 23 (2010) (affirming multi-million dollar jury award of compensatory and punitive damages), disapproved of on other grounds by *Webb v. Special Electric Co., Inc.*, 63 Cal.4th 167 (2016); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202 (2006); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990 (2005). In fact, the California Supreme Court upheld an $18 million dollar punitive damage award in an asbestos/mesothelioma case where the general damages awarded by the jury was only $3.9 million stating that the ratio was not presumptively invalid. *Izell v. Union Carbide Corp.,* 231 Cal. App. 4th 962, 984 (2014).

25. Federal courts have also found the amount in controversy requirement satisfied in other pharmaceutical cases. *See, e.g.*, *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand); *Copley v. Wyeth, Inc.*, No. 09-cv-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (same).

26. In short, considering the nature of Plaintiffs' decedent's alleged injuries and Plaintiffs' request for actual and compensatory damages, it is more likely than not that the amount-in-controversy requirement is met.

**III. CONCLUSION**

28. Because complete diversity exists between Plaintiffs and J&J, and the amount in controversy exceeds the jurisdictional amount set by 28 U.S.C. § 1332, the prerequisites for removal under 28 U.S.C. § 1441 have been met and this Court is vested with subject matter jurisdiction.

WHEREFORE, Defendants request that this action proceed in this Court as an

action properly removed to it.

**DEMAND FOR JURY TRIAL**

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. hereby demand a trial by jury in this action.

DATED: July 19, 2021                SHOOK HARDY & BACON L.L.P.

By: */s/ Emily M. Weissenberger*
    Michael F. Healy
    Emily M. Weissenberger

    Michael C. Zellers
    Amanda Villalobos
    TUCKER ELLIS LLP
    *Attorneys for Defendants JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER INC.*